COSTON v. COSTON

[109 N.C. App. 306 (1993)]

Reversed and remanded.

Judges ORR and WYNN concur.

---

BEVERLY PRESSLEY COSTON, Plaintiff v. DAVID FRANK COSTON, Defendant

No. 9125DC1275

(Filed 2 March 1993)

1. **Divorce and Separation § 165 (NCI4th) — equitable distribution — distributive award — amount of interest on note**

    The trial court did not err in an equitable distribution action by assigning a ten per cent interest rate to a note securing cash payments. The order which the parties signed and designated as a binding contract for the division of property included language which plainly constituted an agreement granting the trial court the power to set whatever interest rate it found supported by the evidence. There was ample evidence to support the court's findings and conclusions on this issue in the testimony of the manager of the Clyde Savings Bank. Although defendant complains that the court did not consider evidence of different interest rates, defendant did not present any evidence from which the court could find a different rate.

    **Am Jur 2d, Divorce and Separation § 931.**

    **Divorce: Equitable distribution doctrine. 41 ALR4th 481.**

2. **Divorce and Separation § 166 (NCI4th) — equitable distribution — distributive award — use of lien to secure payment — rights of third parties**

    The trial court did not err in an equitable distribution action in which plaintiff was given a distributive cash award by ordering defendant to obtain a release from his parents of their right of first refusal sufficient to insure plaintiff a first deed of trust and first lien of record on the residence. Although the court was powerless to enter an order binding people who were not parties to the action, defendant had stated at the hearing that he believed his parents would agree to

COSTON v. COSTON

[109 N.C. App. 306 (1993)]

subordinate their rights to plaintiff and the court merely ordered defendant to take steps which he believed he was capable of taking. Plaintiff may seek further relief if defendant is unable to comply with the judgment.

**Am Jur 2d, Divorce and Separation § 934.**

Appeal by defendant from judgment entered 29 August 1991 by Judge Donald Fred Coats in Henderson County District Court. Heard in the Court of Appeals on 3 December 1992.

Plaintiff, Beverly Coston, filed complaints for absolute divorce and equitable distribution. On 24 September 1990, judgment was entered awarding plaintiff a divorce and reserving equitable distribution for a hearing at a later date. Prior to the equitable distribution hearing, the parties agreed on how to divide all of the marital property. However, the parties did not agree on the method of distribution of a distributive cash award to plaintiff in the amount of one hundred thousand dollars ($100,000.00). The method of distribution was left for determination by the court.

On 22 July 1991 the judge entered an order which the parties signed and designated as a binding contract for the division of property as provided for by N.C. Gen. Stat. § 50-20. The order preserved one issue for hearing, that being the time and manner in which plaintiff would receive the distributive award, including whether it would bear interest, and if so in what amount. Both parties signed the order, signifying their consent to its provisions. The final judgment ordered defendant to pay fifty thousand dollars ($50,000.00) in lump sum to plaintiff, to execute a promissory note bearing ten percent (10%) interest for the remainder, and to give plaintiff a first deed of trust on the defendant's primary residence. From this judgment defendant appeals.

*Robert E. Riddle, P.A., by Robert E. Riddle, for plaintiff appellee.*

*Prince, Youngblood, Massagee & Jackson, by Boyd B. Massagee, Jr. and Sharon B. Ellis, for defendant appellant.*

ARNOLD, Chief Judge.

[1] Defendant first assigns error to the ten percent interest rate assigned to the note. Defendant argues that the trial court cannot set an interest rate higher than the legal rate of eight percent

codified at N.C. Gen. Stat. § 24-1 (1991). Most of the cases cited by defendant involve actions for breach of contract. We are not concerned here with a breach of contract, but the reasoning from those cases applies to this case. In *Interstate Equip. Co. v. Smith*, 292 N.C. 592, 234 S.E.2d 599 (1977), our Supreme Court stated: "In the absence of an agreement, the injured party is entitled to interest at the legal rate . . . ." *Interstate*, 292 N.C. at 602, 234 S.E.2d at 604. Implicit in this statement is the idea that if the parties do have an agreement concerning interest, that agreement will control. Such is the case here. The order entered 22 July 1991 states in reference to the distributive award:

> 6. The time of making the payment of the $100,000.00 and whether or not this is to be by cash due at this time, or paid over a period of time (and if so upon what terms, whether or not the obligation bears interest and if so at what rate, and the amount of such payments), is to be determined by the court.

> 9. On the 25th day of July, 1991 . . . the court shall receive evidence and argument from the parties as to how the Plaintiff shall receive the distributive award . . . .

> 13. The parties stipulate that their signature upon this order shall also constitute the same as a binding contract for the division of property . . . .

Plainly this language constituted an agreement granting the trial court the power to set whatever interest rate it found supported by the evidence. Because defendant agreed to let the trial court set the rate of interest, he cannot on appeal argue that the trial court lacked authority to set the interest rate above the legal rate.

Defendant also contends that the court's decision was not supported by the evidence and was an abuse of discretion. After examining the transcript, we find ample evidence in the testimony of plaintiff's witness, the manager of Clyde Savings Bank, to support the trial judge's findings and conclusions on this issue. Defendant complains that the court erred in not considering evidence of different interest rates, but defendant did not present any evidence from which the court could find a different rate. For these reasons, we hold that the trial judge did not err or abuse his discretion in ordering the promissory note to bear interest at ten percent.

[2]   Defendant also claims the judgment must be reversed because it affects the rights of third parties who were not subject to the jurisdiction of the court. As part of the judgment, defendant was ordered to give plaintiff a first priority deed of trust on the defendant's primary residence. To accomplish this end, the judgment ordered defendant to obtain a release from his parents of their right of first refusal sufficient to ensure plaintiff of a first deed of trust and first lien of record on the residence.

Unquestionably the court was powerless to enter an order binding people who were not parties to the action. However, that is not the situation before us. At the hearing, in response to a question by the court, defendant stated that he believed his parents would agree to subordinate their rights to plaintiff. Based on this admission, the court entered its judgment. The court did not attempt to bind the parents by its judgment. It merely ordered defendant to take the steps he believed he was capable of taking to ensure first priority for plaintiff's deed of trust. If defendant is unable to comply with the judgment, plaintiff may seek further relief. We find no reversible error in the judgment.

Affirmed.

Judges COZORT and GREENE concur.